T.C. Memo. 1996-175


UNITED STATES TAX COURT


SHERIEL L. SEXCIUS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7224-94.                          Filed April 10, 1996.


Sheriel L. Sexcius, pro se.

Aretha Jones, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, Special Trial Judge:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

determined a deficiency in petitioner's Federal income tax in the amount of $7,645.75 for the year 1989 and an addition to tax pursuant to section 6651(a)(1) in the amount of $1,705.93. In her answer respondent asserted that petitioner is also liable for a penalty in the amount of $1,529.15 pursuant to section 6662(a) because either she was negligent under section 6662(b)(1) or she substantially understated her 1989 Federal income tax liability under section 6662(b)(2).

Following concessions,[2] the issues for decision are: (1) Whether petitioner is entitled to deductions in the amount of $14,312 claimed on a Schedule C, Profit or Loss from Business, relating to her tutoring and counseling activity; (2) whether petitioner is entitled to miscellaneous deductions in the amount of $14,534 claimed on Schedule A, Itemized Deductions; (3) whether petitioner is liable for the addition to tax pursuant to section 6651(a) as determined by respondent; and (4) whether petitioner is liable for the penalty under section 6662(a), due to her negligence or because she substantially understated her Federal income tax within the meaning of section 6662(d).

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are

---

[2]Respondent conceded that petitioner is not liable for self-employment tax for the year 1989. Petitioner conceded liability for an addition to tax pursuant to sec. 6651(a); however, she disputes the amount as determined by respondent.

incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Washington, D.C.

FINDINGS OF FACT

During 1989, petitioner was employed on a full-time basis as a teacher in the District of Columbia Public School System. Petitioner holds a bachelor of science degree and a master's degree, and is certified to teach biology at the senior high school level.  Petitioner is also a registered nurse and during the year in issue was employed on a part-time basis with Medlantic Long Term Care Corp. as a nurse on weekends and holidays.

Beginning in 1979 and continuing at least through 1991, petitioner engaged in a tutoring and counseling activity (the tutoring activity).  For the years 1979 through 1991, without data available for years 1981 and 1990, petitioner reported Schedule C gross receipts in the aggregate amount of $36,880, and other income on Schedule C in the aggregate amount of $6,275, and claimed total deductions of $172,868.55 that resulted in a loss for each year, and an aggregate loss in the amount of $129,713.55.  Petitioner provided her tutoring and counseling services primarily to individuals from low income, impoverished families.  Petitioner operated the activity in 1989 in a similar manner to its operation in prior years.  Thus, the general set up of the activity, the number of students tutored, the time she devoted to the activity, and various other policies and practices

were similar to prior years.  For a more detailed explanation as to how petitioner conducted her tutoring activity, see Sexcius v. Commissioner, T.C. Memo. 1993-310 and Sexcius v. Commissioner, T.C. Memo. 1991-162.[3]

Petitioner tutored students for several hours every day after school and also during the summer months and holidays, devoting an average of 33 hours per week to such activity.  She charged minimally for her services, allowed customers to pay at their discretion according to their ability to do so, and made little or no effort to collect outstanding account receivables, notwithstanding the substantial losses she incurred repeatedly over several years.  Other than the gross receipts reported on Schedule C, petitioner provided little information with respect to the amounts, if any, that she charged or received for her services.  She merely indicated that her fees were based upon what she believed the students could pay, whether in cash or other property.  To petitioner, the fact that students or their families could or could not pay for her services was secondary to the fact that they needed the assistance that petitioner could provide, and, for that reason, it was not petitioner's practice

---

[3]The parties stipulated to the trial transcripts in those prior cases.  At trial, the Court advised the parties that such stipulations were being considered an invitation to base findings of fact in this case upon testimony presented in the prior cases. Neither party objected.  To petitioner's detriment in this proceeding, there was little if any change to petitioner's methods of operation from one year to the next.

to turn customers away based on their inability to pay. She did not maintain a separate bank account for depositing whatever payments she did receive. With respect to the expenses claimed, petitioner did not attempt to introduce into evidence any books or records, or source documents, that reflected the nature and amounts of such expenses.

Petitioner reported income and deductions from her tutoring and counseling activity on a Schedule C for every year from 1979 through 1991. As noted above, in each year since 1979 for which there is evidence in the record, petitioner claimed a substantial loss from her activity. The losses incurred from year to year from petitioner's tutoring activity were apparently financed from her other earnings.

In 1989, petitioner reported on Schedule C gross receipts of $4,399 and deductions in the amount of $14,312, resulting in a $9,913 loss. Respondent disallowed the deductions claimed on petitioner's Schedule C for 1989 on the grounds that her activity was not engaged in for profit and that she failed to substantiate any of the deductions claimed.

Petitioner also claimed $20,124 in itemized deductions on her Schedule A for the year 1989, including $14,534 in miscellaneous deductions attributable to employee business and other expenses. Respondent disallowed the miscellaneous deductions claimed for lack of substantiation.

OPINION

Schedule C Deductions

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). In addition, section 6001 requires the taxpayer to keep records sufficient to show whether or not the person is liable for tax.

As in the prior cases, petitioner has taken the position that the expenses relating to her tutoring activity were incurred by her in connection with a trade or business and are deductible pursuant to section 162. Respondent argues that petitioner's tutoring activity does not constitute a trade or business because petitioner did not engage in such activity with the requisite profit objective. Consequently, according to respondent, petitioner cannot rely upon section 162 to support her claimed deductions.

Our consideration of respondent's adjustment with respect to petitioner's Schedule C deductions begins with an examination of whether petitioner conducted her tutoring activity with the intent to make a profit.  Absent an intent to make a profit, petitioner's tutoring activity could not be considered a trade or business within the meaning of section 162.  Commissioner v. Groetzinger, 480 U.S. 23 (1987).

The test for determining whether a taxpayer conducted an activity for profit is whether he or she entered into, or continued, the activity with the actual or honest objective of making a profit.  Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.  The taxpayer's expectation of profit need not be reasonable, but the profit objective must be bona fide, as judged by all facts and circumstances.  Dreicer v. Commissioner, supra at 645; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967).

Whether petitioner engaged in her tutoring activity with the requisite profit objective must be determined on a year-by-year basis from the facts and circumstances of the case.  Golanty v. Commissioner, supra at 426; sec. 1.183-2(a) and (b), Income Tax Regs.  More weight is given to objective facts than to

petitioner's statement of her intent.  Sec. 1.183-2(a), Income Tax Regs.  Petitioner bears the burden of showing she engaged in her tutoring activity with the actual and honest objective of realizing a profit.  Rule 142(a); Golanty v. Commissioner, supra at 426.

The following factors, which are nonexclusive, should be considered in the determination of whether an activity is engaged in for profit:  (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his or her advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation.  Sec. 1.183-2(b), Income Tax Regs.  No one factor is determinative in and of itself, and a profit objective does not hinge on the number of factors satisfied.  Id.

Petitioner did not carry on her tutoring activity in a businesslike manner.  Sec. 1.183-2(b)(1), Income Tax Regs. Petitioner did not maintain a separate bank account for the activity.  Neither did she produce any books or records she might

have maintained with respect to the activity. She had no set fees for her services, allowed customers to pay at their discretion, and made little or no effort to collect outstanding debts, notwithstanding the fact that she incurred substantial losses repeatedly over several years.

The fact that petitioner failed to change her manner of operation in an effort to reverse her history of losses also supports respondent's adjustment. See id. Although a profit objective may exist despite a history of losses unaccompanied by any gains, see, e.g., Bessenyey v. Commissioner, supra at 273-274, losses continuing beyond the period customarily necessary to make the operation profitable, if not explained, support the proposition that the activity is not engaged in for profit. Sec. 1.183-2(b)(6), Income Tax Regs. The record reflects that petitioner operated the activity in 1989 in a similar manner to its operation in prior years insofar as the general set up of the activity, the number of students tutored, the time petitioner devoted to the tutoring activity, etc. Petitioner did not change her operating methods from one year to the next in a manner consistent with an intent to improve profitability and did not adequately explain why she failed to do so. Sec. 1.183-2(b)(1), Income Tax Regs.

Considering her history of losses, petitioner's practices of neither charging nor collecting fees from customers who were

unable or unwilling to pay strongly suggests the absence of the requisite profit objective necessary to support the deductions claimed. Based upon an examination of all the facts and circumstances, we are unable to conclude that petitioner conducted her tutoring activity with a bona fide, honest, and objective profit motive. Furthermore, she has failed to substantiate any of the claimed deductions. Consequently, we sustain respondent's disallowance of the deductions claimed on petitioner's Schedule C for the year 1989.[4]

Schedule A Deductions

Petitioner reported on her Schedule A, Itemized Deductions, deductions for employee business expenses and other miscellaneous deductions in the amount of $14,534 for the year 1989. As previously noted, deductions are a matter of legislative grace and petitioner must prove her entitlement to these deductions. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. at 440; Welch v. Helvering, 290 U.S. at 115.

Petitioner has failed to substantiate any of the deductions claimed on her Schedule A for the year 1989. Accordingly, we sustain respondent's determination with respect to this issue.

---

[4]Our finding with respect to petitioner's profit motive also precludes allowing the disputed Schedule C deductions under sec. 212. Petitioner's failure to substantiate such deductions precludes the allowance of any which might otherwise be permitted by sec. 183.

Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes that the failure to file is due to reasonable cause and not due to willful neglect. The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

In her brief, petitioner conceded that section 6651(a) applies with respect to the year 1989 and for reasons unexplained only disputes the amount as computed by respondent. Petitioner presented no evidence or argument demonstrating the nature of the alleged computational error. Accordingly, we sustain respondent with respect to this issue.

Accuracy-Related Penalty

In her answer, respondent asserted that the section 6662(a) penalty should be imposed. Respondent argues for the imposition of the penalty due to petitioner's negligence or disregard of rules or regulations within the meaning of section 6662(b)(1) and (c), or because petitioner substantially understated her income tax, within the meaning of section 6662(b)(2) and (d). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to

exercise ordinary and reasonable care in the preparation of a tax return.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Disregard includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.  Respondent bears the burden of proof with respect to the imposition of this penalty.  Rule 142(a); Robinson v. Commissioner, 102 T.C. 116, 124 (1994), affd. in part, revd. in part 70 F.3d 34 (5th Cir. 1995); Achiro v. Commissioner, 77 T.C. 881, 890 (1981).

Petitioner failed to produce at trial any substantiating evidence with respect to the deductions she claimed on her Schedules A and C.  Given her prior experiences in this Court, she was no doubt aware that the production of such evidence was expected and necessary to support her claimed entitlement to the deductions in dispute.  We can only conclude that her failure to produce such substantiating evidence results from her failure to have maintained adequate books and records as required by section 6001 and the corresponding regulation.  In our view, petitioner's recordkeeping deficiencies constitute at least a careless disregard of the rules or regulations within the meaning of section 6662(b)(1) and (c), which renders her liable for the penalty imposed by section 6662(a), and we so hold.

To reflect the foregoing,

Decision will be entered

under Rule 155.